While I do not believe that Adamson had an obligation to volunteer that it was receiving a commission from Ford Motor Credit Company, I do think that when Bramlett asked Adamson's agent point blank why the rate of financing was so high, the agent had a duty to tell him the truth, i.e., that in addition to Bramlett's poor credit history, FMCC had to pay Adamson a 3% commission and so that pushed the rate up. This is especially true in light of the agent's earlier statement to Bramlett that he would get him the best financing available.
I do not understand the dissents' reluctance to require a person to tell the truth. Judge Thigpen apparently believes that Bramlett's question regarding the high finance rate was not direct enough. I believe that asking why the finance rate is so high adequately covers this situation. Regardless of how many cars Bramlett had purchased in the past, or whether he liked to shop loans, the fact is, he asked Adamson's agent a direct question but was not given an entirely truthful answer.
There is nothing legally or morally wrong with requiring someone to tell the truth. Therefore, I concur with the main opinion.